G. A. BARFOOT ET ALS., PROTESTANTS, v. M. L. WILLIS.

(Filed 1 October, 1919.)

**Entry—Navigable Waters—Riparian Owners—Wharfage—Statutes.**

> Navigable water is not subject to entry (Rev., sec. 1693) except by the riparian owner for wharfage purposes. Rev., sec. 1696.

APPEAL by defendant from *Daniels, J.,* at June Term, 1919, of CARTERET.

This is a protest to an entry.

The enterer went in front of protestant's lots and attempted to fill in navigable water by building sand fences, and then laid his entry.

On the trial the following judgment was rendered:

This cause coming on to be heard before his Honor F. A. Daniels, judge, and a jury, at the conclusion of the plaintiff's evidence the protestant asked the court to rule that upon his testimony the land was, at the time of filing his entry, covered by water at average tide, both before he built the sand fences and since they have been removed. The enterer admitted that he was not the riparian owner, that the land entered was covered by water at average tide, and that the sand fences that had been built prior to the entry had been removed, and that it was now navigable water. The court so held and dismissed the entry.

It is therefore considered and adjudged by the court that the enterer is not entitled to maintain the entry, is not entitled to a grant, that the entry is invalid and void, and that enterer pay the costs, to be taxed by the clerk.                                          F. A. DANIELS,

*Judge Presiding.*

The enterer excepted and appealed.

*E. H. Gorham and D. L. Ward attorneys for protestant.*
*Julius F. Duncan attorney for enterer.*

ALLEN, J. The admissions contained in the judgment clearly show that the attempted entry is unauthorized and of no legal effect.

The water, being navigable, was not the subject of entry (Rev., sec. 1693) except by the riparian owner for wharfage purposes (Rev., sec. 1696), and the enterer is not a riparian owner.

Affirmed.